Roberts Trust

*Stephen M. Cushmore*, for petitioner.

*Edward McL. Walters III*, for trustee.

OPINION BY TAXIS, J., JUNE 24, 1981:

This matter comes before the court by petition of Memorial Hospital, Roxborough, ("petitioner") for citation issued to The Fidelity Bank ("trustee") to show cause why the investment restriction under paragraph fourth of testator's will should not be removed.

Testator died on March 6, 1943, leaving a will dated

February 14, 1935, with codicil thereto dated October 26, 1942. Under paragraph fourth of his will, after providing for several annuities, testator directed that the balance of the net income should be paid to the petitioner. None of the annuitants survive. The only obligation to which this perpetual charitable trust is subject is a periodic income disbursement for the perpetual care of testator's cemetery lot.

Under paragraph eighth (b) testator provided that the trustee has the power "(b) to hold unconverted, so long as the said executors or trustee shall see fit, any form of investment of which I may die possessed." At paragraph eighth (c), testator further provided trustee with the following power:

> "(c) To alter, vary and change investments and reinvestments without being confined to what are known as legal securities, *provided that no new investments shall be made in shares of corporation stock.*" (Emphasis added).

Petitioner seeks to remove this restriction and the trustee does not object.

Petitioner relies on §7319(b) of the Probate, Estates and Fiduciaries Code which provides the following exception to the general rule of adherence to the investment directions of a testator:

> "Where the instrument establishing a trust contains a restriction on the fiduciary's power of investment and the court having jurisdiction over the trust finds that adherence to the restriction is impractical or that the existing or reasonably foreseeable economic conditions are so far different from those prevailing at the creation of the trust that adherence to the restriction might deprive the respective beneficiaries of income and principal of the full benefits the testator or settlor intended them to enjoy, the court may release the fiduciary from the restriction to such extent and on such conditions, if any, as the court may deem appropriate."

In support of its request, petitioner notes that principal of the trust has an account value of $1,491,233.11, the market value of which was $3,998,047.02 on October 22, 1980. As of that date, the trust held 14,788 shares of the common stock of Mobil Corporation, having a fair market value of $1,216,313 or approximately one-third of the market value of the trust. Trustee informs the court that the trust now holds 12,000 shares of Mobil Corporation, the fair market value of which is less than one-fifth of the trust corpus. Trustee admits that the

estimated annual income of the trust as of October 22, 1980, was $232,768 or 5.8% of the then market. Petitioner asserts that adherence to the investment policy of the testator deprives the petitioner of the full income benefit which testator intended to confer upon petitioner.

Neither the trustee nor the Attorney General of the Commonwealth of Pennsylvania has objected to the requested relief.

The court finds that adherence to the restriction is impractical and that existing economic conditions are so far different from those prevailing at the creation of the trust that adherence to the restriction deprives petitioner of the full benefit which the testator intended. Accordingly, the court enters the following:

### Final Decree

And Now, this 24th day of June, 1981, upon consideration of the petition of Memorial Hospital, Roxborough, and after hearing, it is ordered and decreed that, pursuant to §7319(b) of the Probate, Estates and Fiduciaries Code, the investment restriction contained in paragraph eighth (c) of the will of Percival Roberts, Jr., is hereby removed in its entirety.